UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHEDRICK BOWES-NORTHERN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LATESHA C. MILLER and DARIUS WOODS, )<br>)<br>Defendant. ) | Cause No. 2:21-cv-85-PPS-APR |

**OPINION AND ORDER**

Shedrick Bowes-Northern, proceeding without a lawyer, filed a complaint [DE 1] and a motion for leave to proceed *in forma pauperis* (IFP). [DE 2.] To adjudicate a case, a court must be able to lawfully exercise jurisdiction over the parties and the subject matter of the case. As explained below, I cannot exercise either in this case and, therefore, the motion to proceed *in forma pauperis* is denied and this case is dismissed.

The IFP statute is designed to ensure that indigent plaintiffs have meaningful access to federal courts. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 342 (1948). When granted, a plaintiff may proceed without paying fees and costs, provided the plaintiff submits an affidavit attesting an inability to pay and the action is not frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). This access is limited to a preliminary determination that the case has merit and the plaintiff is indigent. In addition, the court must have jurisdiction over the case. Federal diversity jurisdiction requires that no plaintiff to an action be from the

same state as any defendant and the amount in controversy must be greater than $75,000. 28 U.S.C. § 1332.

One exception to diversity jurisdiction is the domestic relations exception. This exception prevents federal courts from considering state-court claims involving "divorce and alimony decrees and child custody orders." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)); *see also Jones v. Brennan*, 465 F.3d 304, 306 (7th Cir. 2006) ("[T]he domestic-relations exception . . . denies federal jurisdiction to grant a divorce or exercise the other characteristic powers of a domestic-relations court.").

As best I can tell from the complaint, Mr. Bowes-Northern, who resides in Valparaiso, shares a child with defendant Latesha Miller, who lives in Illinois. A judge in Cook County, Illinois has ordered visitation rights to Bowes-Northern. Bowes-Northern claims difficulties with Miller both in and out of "parentage" court, violations of a protective order, difficulties with the Cook County court, and the desire to reunite with his daughter.  Bowes-Northern has also named as a defendant Darius Woods who evidently assists Miller in her refusal to allow Bowes-Northern to visit with his child. According to Bowes-Northern, Woods has made threats against him which led to a protective order being issued.  In his prayer for relief, Bowes-Northern seeks "parentage" GPS monitoring of Miller, enforcement of the protective order, and "most of all" he wants a "new parentage plan" so he can build a better relationship with his daughter.

I certainly sympathize with Mr. Bowes-Northern's plight. Interstate child custody matters are sometimes difficult to manage.  Unfortunately, I have no

jurisdiction in this matter because the domestic relations exception applies here. His grievances need to be addressed to the Cook County judge overseeing the pending child custody case. If he believes that he has claims over which this court has jurisdiction, he must initiate a new federal action by filing a complaint that complies with Rule 8 of the Federal Rules of Civil Procedure.

ACCORDINGLY:

Mr. Bowes-Northern's motion to proceed *in forma pauperis* [DE 2] is **DENIED** and this case is **DISMISSED WITHOUT PREJUDICE**. This case is now closed.

**SO ORDERED on March 10, 2021.**

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT